## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA

        *Plaintiff,*

                    CASE NO.  16-30301

*v.*

                    MAG. JUDGE ANTHONY P. PATTI

RAHIM ALI CUMMINGS

        *Defendant.*

_____/

## ORDER OF DETENTION PENDING TRIAL

        After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. §

3142(f), I conclude that these facts require that Defendant be detained pending trial.

**Part I – Findings of Fact**

**A.**    **Eligibility. This case is eligible for a Detention Hearing (18 U.S.C. § 3142(f)), for the reasons checked below in this Part I A:**

☐(1)    Under 18 U.S.C. § 3142(f)(1), upon the government's motion in a case that involves

        ☐(a)    a crime of violence, a violation of section 1591, or an offense listed in 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

        ☐(b)    an offense for which the maximum sentence is life imprisonment or death;

                **or**

        ☐(c)    an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-

904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46; **or**

☐(d)  any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐(e)  any felony that is not otherwise a crime of violence but involves:

☐(i)   a minor victim, **or**

☐(ii)  the possession or use of a firearm or destructive device (as defined in section 921), **or**

☐(iii) any other dangerous weapon, **or**

☐(iv) involves a failure to register under 18 U.S.C. § 2250.

☒(2)  Under 18 U.S.C. 3142(f)(2), upon the government's motion or the court's own motion in a case that involves

☒(a)  a serious risk that such person will flee; **or**

☐(b)  a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

**B.     Rebuttable Presumption. A rebuttable presumption for detention exists in this case if reasons are checked below in this Part I B.**

**(1)     Defendant on Release Pending Trial (18 U.S.C. § 3142 (e)(2)):** A rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community arises when

☐(a)  Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense; **and**

☐(b)   The offense was committed while Defendant was on release pending trial for a federal, state, or local offense; **and**

☐(c)   A period of less than five years has elapsed since

   ☐(i)   the date of conviction, **or**

   ☐(ii)   Defendant's release from prison.

**(2)**      **Probable Cause Findings (18 U.S.C. § 3142(e)(3)):** A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community arises when there is probable cause to believe that Defendant has committed an offense

☐(a)   for which a maximum prison term of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46; **or**

☐(b)   under 18 U.S.C. § 924(c) (use of a deadly or dangerous weapon or device in relation to a crime of violence or drug trafficking crime), 18 U.S.C. § 956(a) (conspiracy to kill, kidnap, maim, or injure persons or damage property in a foreign country), or 18 U.S.C. § 2332b (acts of terrorism transcending national boundaries); **or**

☐(c)   listed in 18 U.S.C. § 2332b(g)(5)(B) (federal crimes of terrorism) for which the prison term is 10 or more years; **or**

☐(d)   under Chapter 77 of Title 18, United States Code, for which a maximum term of imprisonment of 20 years or more is prescribed (i.e., 18 U.S.C. §§ 1581, 1583, 1584, 1589, and 1594)(slavery); **or**

☐(e)   involving a minor victim as listed in 18 U.S.C. § 3142(e)(3)(E).

## Part II – Statement of the Reasons for Detention

I find that the testimony and information submitted at the detention hearing

establishes

☐    by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

☒    by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure Defendant's appearance; **or**

☐    both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(i):**

The Court's findings and reasons for ordering detention, pursuant to 42 U.S.C. § 3142(g), were stated on the record at the July 5, 2016 hearing and are fully incorporated by this reference. At that time, the Court found, by a preponderance of the evidence, that there is no condition or combination of conditions which will reasonably assure Defendant's appearance. This evidence was discussed on the record in support of the Court's reasoning, and includes, but is not limited to evidence that: (1) Defendant fraudulently received approximately $470,000 from United States Government and thus has the means to flee from prosecution and to remain a fugitive; (2) Defendant has an unstable residence history and has moved around the country frequently, changing residences sporadically over the last five years and only reestablishing residency in this district within the last two months; (3) Defendant has ties to Connecticut, Georgia and Texas, where one of his wives (with whom he speaks daily, in Connecticut) and some of his children (in Georgia and Texas) live; (4) Defendant has an

unverifiable work history, and the work which he purports to have done includes being a "financial coach," an occupation which, if continued, would endanger the community, in light of strong and voluminous evidence that defendant preyed upon vulnerable individuals to steal their financial information, identities and tax returns, and working as a temporary employee for 1-800-FLOWERS, for the apparent purpose of fraudulently obtaining credit card information; (5) per the Pretrial Services Report, Defendant has engaged in foreign travel; (6) Defendant reported to Pretrial Services that he was arrested in Atlanta in 2014 for felony offense of theft by receipt, and further indicated that the disposition for this offense is pending, as he was given a deferred or delayed sentence in lieu of the term of supervision; (7) the Southern District of California is the charging district in this case, and the evidence indicates that Defendant lived there only between August 2011 and September 2012, during which time he committed crimes which are charged in the indictment, and after which he is not known to have returned to that district; (8) Defendant has a significant incentive to flee, in light of the fact that he is facing possible cumulative sentences in the range of 94 to 111 months; (9) when contacted by investigating authorities in connection with this case within the last two months, he reported that he was in Ohio but that he would be "traveling to Michigan," with no indication that he claimed residency here; (10) Defendant told the investigating agent that he would surrender voluntarily in Michigan on May

23rd of this year, but failed to do so, and when authorities showed up to arrest him in this district seven weeks later, he did not voluntarily surrender; (11) Defendant is charged with several counts of multiple fraudulent or identity theft based crimes, including conspiracy, and the Government's evidence indicates that Defendant is adept at identity theft and falsifying his own identity, making him a particularly high risk for absconding and remaining a fugitive; and, (12) the likelihood that Defendant will voluntarily appear for court in the Southern District of California is low.

**Part III – Directions Regarding Detention**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of a United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.


Dated: July 5, 2016                          /S ANTHONY P. PATTO
                                             Anthony P. Patti
                                             United States Magistrate Judge